## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

STEPHEN CHAPMAN II,

        Plaintiff,

v.

        CASE NO.:

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and RICKY MCCALL,
JR.,

        Defendants.

_____

## NOTICE OF REMOVAL

Defendant, Swift Transportation Co. of Arizona, LLC ("Swift"), hereby gives notice of Removal of the above captioned action from the Circuit Court of the Seventh Judicial Circuit, in and for Putnam County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Jacksonville Division, and respectfully represent as follows:

1. On April 25, 2022, a Complaint and Summons were filed in the Circuit Court, in and for Putnam County, Florida, initiating a state court action entitled *Stephen Chapman II v. Swift Transportation of Arizona, LLC, and Ricky McCall, Jr.*, which was assigned case number 2022-CA-000127 ("State Court Case"). Pursuant to 18 U.S.C. § 1446(a) and M.D. Fla. L. R. 1.06(b), Swift is attaching hereto

a legible copy of each paper docketed in the State Court Case as Composite Exhibit A.

2. On May 3, 2022, Plaintiff Stephen Chapman II ("Plaintiff") attempted service of the Complaint on Swift by purportedly serving its registered agent through personal service. *See* Exhibit B. The Complaint alleges one count against Swift for vicarious liability and a second count against Ricky McCall, Jr. ("McCall," together with Swift, "Defendants") for negligence, seeking damages in excess of $100,000 purportedly flowing from a motor vehicle collision that occurred in Putnam County, Florida. State Court Case, Doc. 4 at ¶ 1.

3. As described below, this action is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. Further, this notice has been timely filed consistent with the procedural requirements of 28 U.S.C. § 1446, i.e. within thirty (30) days of service of process of the Complaint upon Swift.[1]

4. There is complete diversity of citizenship between the parties to this cause because the Plaintiff is diverse from the Defendants. *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).

---

[1] Swift is not aware that McCall has been served with process.

2

5.	For an individual, citizenship consists of two elements: residency in a state and intent to remain in that state. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Plaintiff alleges that, at all times material hereto, he "was a resident of St. Augustine, St. Johns, Florida." Complaint ¶ 2. At the time of the complaint and at present, Plaintiff resides and has shown an intention to remain in Florida as he has maintained a Florida's driver's license with an expiration date of December 28, 2027, listing a Florida address; was driving a vehicle licensed and registered in Florida; and maintains his homestead in Florida. *See* Composite Exhibit C. Plaintiff also alleges that, at all times material hereto, McCall "was a resident of Greenville, Butler County, Alabama." Complaint ¶ 3. At the time of the complaint, at the time of the alleged collision, and at present, McCall resides and intends to remain in Alabama as shown by his maintenance of an Alabama license with an expiration date of December 27, 2023, listing an Alabama address; and is registered to vote in Alabama. *See* Composite Exhibit C, Exhibit D. Based on the individuals' and vehicles' licensure and registration, Plaintiff's homestead, and McCall's voter registration, Plaintiff is domiciled in Florida and thus is a citizen of Florida while McCall is domiciled in Alabama and thus is a citizen of Alabama.

6.	For purposes of diversity of citizenship, a "limited liability company is a citizen of any state of which a member of the company is a citizen." *Thermoset*

*Corp. v. Bldg. Materials Corp. of Am.*, 849 F. 3d 1313, 1316 (11th Cir. 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F. 3d 1020, 1021 (11th Cir. 2004)). And, corporations are generally citizens of both the state where they were incorporated and the state where they have their principal place of business. 28 U.S.C. § 1332(c); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Plaintiff alleges that, at all times material hereto, Swift "was a Foreign Limited Liability Company licensed to do business and doing business in the state of Florida." Compl. ¶ 3. In fact, Swift is a foreign company duly organized under the law of the State of Delaware and has its principal place of business in Arizona. *See* Exhibit E. More importantly, Swift is a citizen of Arizona and Delaware because its member (Swift Transportation Co., LLC) and its member's member (Knight-Swift Transportation Holdings Inc.) are citizens of Arizona and Delaware, as described herein. *See Vance v. Hill*, No. 3:17-CV-3312, 2019 U.S. Dist. LEXIS 36548, *3-4 (C.D. Ill. Mar. 7, 2019).

7. The sole member of Swift is Swift Transportation Co., LLC, a Delaware limited liability company with its principal place of business in Arizona. *See* Exhibit F. The sole member of Swift Transportation Co., LLC, is Knight-Swift Transportation Holdings Inc., a publicly traded Delaware corporation with its principal place of business in Arizona. *See* Exhibit G. Thus, for purposes of citizenship, Swift is a citizen of Arizona and Delaware.

8. The amount in controversy requirement is also met. This is a purported personal injury action brought by Plaintiff against Defendants seeking "damages that exceeds [sic] the sum of One Hundred Thousand Dollars ($100,000.00) exclusive of costs, interest, and attorney's fees . . . ." Complaint ¶ 1. As such, Plaintiff's alleged damages expressly exceed the $75,000 amount required to be in controversy for diversity cases. 28 U.S.C. § 1332(a).

9. Finally, this notice is timely because it is filed within 30 days after receipt by Swift of a copy of the summons and initial pleading. 28 U.S.C. § 1446(b). Because Swift is not aware that McCall has yet been properly served or joined in this action, his consent is not required for removal. 28 U.S.C. § 1446(b)(2)(A).

10. Since the Plaintiff is a citizen of a different state than each defendant and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C § 1332. Further, removal was timely filed pursuant to 28 U.S.C. § 1446(b). Thus, removal of this case is proper.

11. Swift is concurrently filing a Notice of Application for Removal with the Clerk of the Circuit Court of the Seventh Judicial Circuit, which will also contemporaneously provide service on Plaintiff's counsel.

12. Accompanying this Notice of Removal is a Civil Cover Sheet, and the required filing fee will be paid electronically.

**WHEREFORE**, Defendant Swift Transportation Co. of Arizona, LLC respectfully requests that this action now pending in the Seventh Judicial Circuit in and for Putnam County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: May 23, 2022

/s/ C. H. Houston, III
L. Johnson Sarber, III
Florida Bar No. 104116
C. H. Houston, III
Florida Bar No. 100268
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: jsarber@carrallison.com
Email: chhouston@carrallison.com
Secondary: asparks@carrallison.com
*Attorneys for Defendant Swift*
*Transportation Co. of Arizona, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 23, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Albert H. Lechner, Esq.
MORGAN & MORGAN, P.A.

2601 N. Ponce de Leon Blvd.
St. Augustine, Florida 32084
Email: alechner@forthepeople.com
Email: aandrade@forthepeople.com
*Attorney for Plaintiff*

                                                  */s/ C. H. Houston, III*
                                                  C. H. Houston, III
                                                  *Attorney for Defendant Knight*
                                                  *Transportation Co. of Arizona, LLC*