IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO: 2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

      Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LLC, and
RICKY MCCALL, JR.,

      Defendants,

_____/

## COMPLAINT

Plaintiff, STEPHEN CHAPMAN II, by and through his undersigned attorney sues Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and RICKY MCCALL, JR. and alleges:

1.    This is an action for damages that exceeds the sum of One Hundred Thousand Dollars ($100,000.00), exclusive of costs, interest and attorneys' fees (the estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$100,000" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

UNOFFICIAL DOCUMENT

2.      At all times material hereto, the Plaintiff, STEPHEN CHAPMAN II was a resident of St. Augustine, St. Johns County, Florida.

3.      At all times material hereto, the Defendant, RICKY MCCALL, JR., was a resident of Greenville, Butler County, Alabama.

4.      At all times material hereto, the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, was a Foreign Profit Corporation licensed to do business and doing business in the State of Florida.

5.      On or about June 15, 2021, the Plaintiff, STEPHEN CHAPMAN II operated a motor vehicle traveling East on SR-100 approaching SR-26 in Putnam County, Florida.

6.      At that time and place, the Defendant, RICKY MCCALL, JR., operated a motor vehicle traveling West on SR-100 approaching SR-26 in Putnam County, Florida.

7.      At that time and place, the Defendant, RICKY MCCALL, JR., negligently operated or maintained the aforesaid motor vehicle by failing to yield and striking Plaintiff's vehicle thereby causing his injuries.

## COUNT I
## VICARIOUS LIABILITY-SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

Plaintiff, STEPHEN CHAPMAN II, re-alleges and incorporates paragraphs 1 through 7 and further states:

8.      At that time and place, Defendant, RICKY MCCALL, JR., was employed by Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC.

9.      At said time and place, Defendant, RICKY MCCALL, JR., was in the course and scope of his employment for the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, when Defendant, RICKY MCCALL, JR.'s vehicle negligently collided with the Plaintiff's vehicle.

10.    Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is vicariously liable for the negligence of its employee, and/or agent RICKY MCCALL, JR., who was acting within the course and scope of his employment at the time of the crash.

11.    As a direct and proximate result of the negligence of Defendant, RICKY MCCALL, JR., Plaintiff suffered and incurred:

A.   Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

B.   Permanent injury within a reasonable degree of medical  probability other than scarring or disfigurement;

C.   Aggravation or activation of an existing disease or physical defect;

D.   Pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

E.   Expenses of medical care and treatment in the past and in the future; and or wage loss

F.   An aggravation of a previous medical condition.

All losses are continuing and/or permanent

12.    Plaintiff, STEPHEN CHAPMAN II, will suffer or incur the injuries, expenses and impairment in the future.

WHEREFORE, the Plaintiff, STEPHEN CHAPMAN II demands judgment for damages against the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, and other such relief deemed proper by the Court.  Plaintiff also demands a jury trial on all issues so triable.

**COUNT II**
**NEGLIGENCE- RICKY MCCALL, JR.**

Plaintiff, STEPHEN CHAPMAN II, re-alleges and incorporates paragraphs 1 through 7 and further states:

13.     At that time and place, Defendant, RICKY MCCALL, JR., negligently operated and/or maintained the vehicle so that it collided with the front of the Plaintiff's vehicle, thereby causing his injuries.

14.     As a direct and proximate cause of Defendant, RICKY MCCALL, JR.'s, negligence, Plaintiff suffered and incurred:

A.  Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

B.  Permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;

C.  Aggravation or activation of an existing disease or physical defect;

D.  Pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

E.  Expenses of medical care and treatment in the past and in the future; and or wage loss

All losses are continuing and/or permanent

15.     Plaintiff, STEPHEN CHAPMAN II, will suffer or incur the injuries, expenses and impairment in the future.

**WHEREFORE,** Plaintiff, STEPHEN CHAPMAN II, demands judgement for damages against Defendant, MAGHEE MOREIRA, and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

Respectfully submitted this 25th day of April, 2022.

**MORGAN & MORGAN**

/s/ Albert H. Lechner, Esq.
**Albert H. Lechner, Esquire**
Florida Bar No.:  0022717
2601 N. Ponce De Leon Blvd
St. Augustine, Florida 32084
Phone: (904) 417-4170
E-Mail: alechner@forthepeople.com
E-Mail: aandrade@forthepeople.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO:   2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

      Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LCC, and
RICKY MCCALL, JR.,

      Defendants,

_____/

## REQUEST FOR ADMISSIONS TO DEFENDANT

      COME(S) NOW the Plaintiff, STEVE CHAPMAN, by and through the undersigned counsel and pursuant to Rule 1.370, Florida Rules Of Civil Procedure, hereby requests that Defendant, RICKY MCCALL JR., admit the following within forty-five (45) days from the date of service hereof:

1.     Please admit that this action brought against the Defendant properly and correctly name the parties to be sued in this cause.

2.     Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before the Circuit Court in Putnam County, Florida.

3.     Please admit that the service of process against the Defendant was proper.

4.     Please admit that this is an action for damages in excess of One Hundred Thousand Dollars ($100,000) arising in Putnam County, Florida.

5.     Please admit that the Defendant was operating a motor vehicle on or about on June 15, 2021 State Road 100 at or near its intersection with State Road 26 in Putnam County, Florida.

6.     Please admit that the motor vehicle operated by Defendant, RICKY MCCALL, JR. was either owned by Defendant SWIFT TRANSPORTATION CO OF ARIZONA, LLC, or was being operated by Defendant with the knowledge, permission and consent of its owner.

7.     Please admit that Defendant was negligent in the operation of a motor vehicle which resulted in the subject collision with Plaintiff's vehicle.

8.     Please admit that Plaintiff was injured in the subject accident.

9.     Please admit that Plaintiff suffered a permanent injury within a reasonable degree of medical probability resulting from the subject accident.

10.    Please admit that Plaintiff was not guilty of negligence which caused or contributed to the subject accident.

11.    Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject accident.

12.    Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the above-named Defendant(s), along with the summons and complaint.

**MORGAN & MORGAN**

/s/ Albert H. Lechner, Esq.
**Albert H. Lechner, Esquire**
Florida Bar No.:  0022717
2601 N. Ponce De Leon Blvd
St. Augustine, Florida 32084
Phone: (904) 417-4170
E-Mail: alechner@forthepeople.com
E-Mail: aandrade@forthepeople.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO: 2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

      Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LCC, and
RICKY MCCALL, JR.,

      Defendants,

_____/

## REQUEST TO PRODUCE

      Pursuant to the provisions of Rule 1.350, Florida Rules of Civil Procedure, the undersigned counsel requests that the Defendant, RICKY MCCALL, JR., produce and permit the inspection, copying, testing, sampling, measuring, surveying, photographing or otherwise examining the following:

1.      All statements made by any occupants of the vehicles involved in the subject incident.

2.      All statements made by any witnesses to the subject accident.

3.      All statements made by the Plaintiff pertaining to or concerning the subject matter.

4.      All photographs of the vehicles involved in the subject accident.

5.      All photographs of the Plaintiff depicting injuries received in the subject accident.

6.      All photographs of the subject accident scene.

7.      Documents relating to or discussing repairs or maintenance to Defendant's vehicle that were done for the six (6) months period of time preceding and including the date of the accident and for the six (6) month period of time following the date of the accident.

8. The repair bill and estimates for the repairs to any of the vehicles involved in the accident for damages incurred in the accident.

9. Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

10. Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

11. Appraisals of the property damage sustained by Plaintiff's vehicle in the subject accident.

12. A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

13. A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

14. Copies of any and all computer generated documents in the possession of the Defendant(s) or any agent, servant and/or employee of the Defendant, which pertains or relate, in any manner or fashion, to and any past claims history of the Plaintiff in this lawsuit.

15. Copies of any and all checks issued by the Defendant or any agent, servant and/or employee of the Defendant(s) to any other person, firm or company making a claim arising out of the same accident or incident which is the basis of this lawsuit.

16. All payout records for the insurer of the Defendant for benefits paid to or on behalf of Plaintiff under the personal injury protection and medical payment coverage of the policy.

17. A copy of the driver's license of the driver involved in the subject accident that existed on the date of the accident as well as the current driver's license.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon

said Defendant(s), along with the summons and complaint.

**MORGAN & MORGAN**

/s/ Albert H. Lechner, Esq.
**Albert H. Lechner, Esquire**
Florida Bar No.:  0022717
2601 N. Ponce De Leon Blvd
St. Augustine, Florida 32084
Phone: (904) 417-4170
E-Mail: alechner@forthepeople.com
E-Mail: aandrade@forthepeople.com
*Attorney for Plaintiff*

UNOFFICIAL DOCUMENT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO:  2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

      Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LCC, and
RICKY MCCALL, JR.,

      Defendants,

_____/

## NOTICE OF SERVICE OF INTERROGATORIES

TO:   **RICKY EDWARD MCCALL**

     COMES NOW the Plaintiff, STEVE CHAPMAN, by and through the undersigned counsel and hereby propounds upon Defendant, RICKY EDWARD MCCALL, and pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached interrogatories, answers to which will be due within forty-five (45) days from the date of service hereof.

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail/Hand Delivery this, the same date of service as that of the Summons and Complaint.

                         **MORGAN & MORGAN**

                         /s/ Albert H. Lechner, Esq.
                         **Albert H. Lechner, Esquire**
                         Florida Bar No.:  0022717
                         2601 N. Ponce De Leon Blvd
                         St. Augustine, Florida 32084
                         Phone: (904) 417-4170
                         E-Mail: alechner@forthepeople.com
                         E-Mail: aandrade@forthepeople.com
                         *Attorney for Plaintiff*

## <u>INTERROGATORIES</u>

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      List all former names and when you were known by those names.  State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, and your date of birth.

3.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

4.      Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5.      Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

6.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.      State the facts upon which you rely for each affirmative defense in your Answer.

8.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.      Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint?  If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony.

10.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12.     State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.    Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

14.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

15.    Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16.    Do you wear glasses, contact lenses, or hearing aids?  If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

17. Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint? If so, what was the nature of the infirmity, disability, or sickness?



18. Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

19. Did any mechanical defect in the motor vehicle in which you were riding at the time of the incident described in the Complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

20. List the name and address of all persons, corporations, or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant driver was driving at the time of the incident described in the Complaint; and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year, and vehicle identification number.

21.     At the time of the incident described in the Complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle?  If so, state the names and addresses of all persons who have such permission.

22.     At the time of the incident described in the Complaint, was the defendant driver engaged in any mission or activity for any other person or entity, including any employer?  If so, state the name and address of that person or entity and the nature of the mission or activity.



23.     Was the motor vehicle that the defendant driver was driving at the time of the incident described in the Complaint damaged in the accident, and, if so, what was the cost to repair the damage?

## <u>SIGNATURE PAGE</u>

STATE OF _____

COUNTY OF _____

   Before me the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared _____, who after being duly sworn, deposes and says:  That the answers to the above and foregoing Interrogatories are true and correct to the best of _____ knowledge and belief.

                _____
                Signature of Defendant

SWORN TO AND SUBSCRIBED before me this _____ day of _____, _____.

_____
Notary Public (signature)

_____
Notary Public (type, print stamp commission)

My Commission Expires: _____

❑ Personally Known OR
❑ Produced Identification
❑ Type of Identification Produced: _____

8

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO:    2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

      Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LLC, and
RICKY MCCALL, JR.,

      Defendants,

_____/

## <u>REQUEST TO PRODUCE</u>

Pursuant to the provisions of Rule 1.350, Florida Rules of Civil Procedure, the undersigned counsel requests that the Defendant, SWIFT TRANSPORTATION CO OF ARIZONA LLC, produce and permit the inspection, copying, testing, sampling, measuring, surveying, photographing or otherwise examining the following:

1. All statements made by any occupants of the vehicles involved in the subject incident.

2. All statements made by any witnesses to the subject accident.

3. All statements made by the Plaintiff pertaining to or concerning the subject matter.

4. All photographs of the vehicles involved in the subject accident.

5. All photographs of the Plaintiff depicting injuries received in the subject accident.

6. All photographs of the subject accident scene.

7. Documents relating to or discussing repairs or maintenance to Defendant's vehicle that were done for the six (6) months period of time preceding and including the date of the accident and for the six (6) month period of time following the date of the accident.

8.     The repair bill and estimates for the repairs to any of the vehicles involved in the accident for damages incurred in the accident.

9.     Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

10.    Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

11.    Appraisals of the property damage sustained by Plaintiff's vehicle in the subject accident.

12.    A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

13.    A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

14.    Copies of any and all computer generated documents in the possession of the Defendant(s) or any agent, servant and/or employee of the Defendant, which pertains or relate, in any manner or fashion, to and any past claims history of the Plaintiff in this lawsuit.

15.    Copies of any and all checks issued by the Defendant or any agent, servant and/or employee of the Defendant(s) to any other person, firm or company making a claim arising out of the same accident or incident which is the basis of this lawsuit.

16.    All payout records for the insurer of the Defendant for benefits paid to or on behalf of Plaintiff under the personal injury protection and medical payment coverage of the policy.

17.    A copy of the driver's license of the driver involved in the subject accident that existed on the date of the accident as well as the current driver's license.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon

said Defendant(s), along with the summons and complaint.


**MORGAN & MORGAN**

/s/ Albert H. Lechner, Esq.
**Albert H. Lechner, Esquire**
Florida Bar No.:  0022717
2601 N. Ponce De Leon Blvd
St. Augustine, Florida 32084
Phone: (904) 417-4170
E-Mail: alechner@forthepeople.com
E-Mail: aandrade@forthepeople.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO:   2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

      Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LLC, and
RICKY MCCALL, JR.,

      Defendants,

_____/

## NOTICE OF SERVICE OF INTERROGATORIES

TO:    SWIFT TRANSPORTATION CO OF ARIZONA, LLC

      COMES NOW the Plaintiff, STEVE CHAPMAN, by and through the undersigned counsel

and hereby propounds upon Defendant, SWIFT TRANSPORTATION CO OF ARIZONA, LLC,

and pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached interrogatories, answers

to which will be due within forty-five (45) days from the date of service hereof.

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S.

Mail/Hand Delivery this, the same date of service as that of the Summons and Complaint.

                      **MORGAN & MORGAN**

                      /s/ Albert H. Lechner, Esq.
                      **Albert H. Lechner, Esquire**
                      Florida Bar No.:  0022717
                      2601 N. Ponce De Leon Blvd
                      St. Augustine, Florida 32084
                      Phone: (904) 417-4170
                      E-Mail: alechner@forthepeople.com
                      E-Mail: aandrade@forthepeople.com
                      *Attorney for Plaintiff*

## <u>INTERROGATORIES</u>

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      List all former names and when you were known by those names.  State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, and your date of birth.

3.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

4.      Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5.      Describe in detail how the incident described in the Complaint happened, including all actions taken by the Defendant driver to prevent the incident.

6.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.      State the facts upon which you rely for each affirmative defense in your Answer.

8.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.     Was the Defendant driver charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint?  If so, what was the nature of the charge; what plea or answer, if any, was entered to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony.

10.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12.    State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.     Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

14.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

15.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16.     Does the Defendant driver wear glasses, contact lenses, or hearing aids?

17.   Was the driver suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint?   If so, what was the nature of the infirmity, disability, or sickness?

18.   Did the Defendant driver consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the Complaint?   If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where the Defendant driver consumed them.

19.   Did any mechanical defect in your motor vehicle contribute to the incident?   If so, describe the nature of the defect and how it contributed to the incident.

20.   List the name and address of all persons, corporations, or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant driver was driving at the time of the incident described in the Complaint; and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year, and vehicle identification number.

21.    At the time of the incident described in the Complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle?  If so, state the names and addresses of all persons who have such permission.

22.    At the time of the incident described in the Complaint, was the defendant driver engaged in any mission or activity for any other person or entity, including any employer?  If so, state the name and address of that person or entity and the nature of the mission or activity.

23.    Was the motor vehicle that the defendant driver was driving at the time of the incident described in the Complaint damaged in the accident, and, if so, what was the cost to repair the damage?

24.    At the time of this incident, please explain or identify:

    a.    What the defendant driver was doing?
    b.    Where you the defendant driver going?
    c.    The purpose for the defendant driver's travel?
    d.    His/her employer, including name, address, phone number, duration and terms of employment relationship?

25.   List the names, titles and addresses of all persons who have provided information, aid or assistance in answering any issues addressed in these interrogatory questions, and give a brief summary of the information or assistance rendered by that person(s).

26.   Describe in complete detail the appearance of the Plaintiff immediately after the Plaintiff's alleged occurrence, including any obvious injuries, the emotional state of the Plaintiff, whether the Plaintiff appeared in pain or otherwise.

## **<u>SIGNATURE PAGE</u>**

STATE OF _____

COUNTY OF _____

       Before me the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared _____, who after being duly sworn, deposes and says:  That the answers to the above and foregoing Interrogatories are true and correct to the best of _____ knowledge and belief.

 

                                         _____
                                         Signature of Defendant

SWORN TO AND SUBSCRIBED before me this _____ day of _____, _____.

_____
Notary Public (signature)

_____
Notary Public (type, print stamp commission)

My Commission Expires: _____

❑   Personally Known OR
❑   Produced Identification
❑   Type of Identification Produced: _____

Case 3:22-cv-00568-TJC-MCR   Document 1-1   Filed 05/23/22   Page 31 of 39 PageID 38

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO:  2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

      Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LLC, and
RICKY MCCALL, JR.,

      Defendants,

_____/

## REQUEST FOR ADMISSIONS TO DEFENDANT

      COME(S) NOW the Plaintiff, STEVE CHAPMAN, by and through the undersigned counsel and pursuant to Rule 1.370, Florida Rules Of Civil Procedure, hereby requests that Defendant, SWIFT TRANSPORTATION CO OF ARIZONA, LLC, admit the following within forty-five (45) days from the date of service hereof:

1.    Please admit that this action brought against the Defendant properly and correctly name the parties to be sued in this cause.

2.    Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before the Circuit Court in Putnam County, Florida.

3.    Please admit that the service of process against the Defendant was proper.

4.    Please admit that this is an action for damages in excess of One Hundred Thousand Dollars ($100,000) arising in Putnam County, Florida.

5.    Please admit that the Defendant was operating a motor vehicle on or about on June 15, 2021 State Road 100 at or near its intersection with State Road 26 in Putnam County, Florida.

6.    Please admit that the motor vehicle operated by Defendant, RICKY MCCALL, JR. was either owned by Defendant SWIFT TRANSPORTATION CO OF ARIZONA, LLC, or was being operated by Defendant with the knowledge, permission and consent of its owner.

7.     Please admit that Defendant was negligent in the operation of a motor vehicle which resulted in the subject collision with Plaintiff's vehicle.

8.     Please admit that Plaintiff was injured in the subject accident.

9.     Please admit that Plaintiff suffered a permanent injury within a reasonable degree of medical probability resulting from the subject accident.

10.    Please admit that Plaintiff was not guilty of negligence which caused or contributed to the subject accident.

11.    Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject accident.

12.    Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the above-named Defendant(s), along with the summons and complaint.

**MORGAN & MORGAN**

/s/ Albert H. Lechner, Esq.
**Albert H. Lechner, Esquire**
Florida Bar No.:  0022717
2601 N. Ponce De Leon Blvd
St. Augustine, Florida 32084
Phone: (904) 417-4170
E-Mail: alechner@forthepeople.com
E-Mail: aandrade@forthepeople.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO:  2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

      Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LLC, and
RICKY MCCALL, JR.,

      Defendants,

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**Swift Transportation Co of Arizona LLC**
**2200 S 75ᵗʰ Avenue**
**Phoenix, Arizona 85043**

Defendant is hereby required to serve written defenses to said Complaint on **Albert H. Lechner, Esquire, Morgan & Morgan, P.A., 2601 N. Ponce de Leon Blvd., St. Augustine, FL 32084, Telephone (904) 417-4170, within twenty (20) days after service of this Summons upon you**, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration, 4010 Lewis Speedway, St. Augustine, Florida at 904/819-3600 no later than 5 business days prior to the proceeding.  If hearing impaired, please contact (TDD) 1-800-955-8771 or Voice (V) 1-800-955-8770 via Florida Relay Service.

      WITNESS my hand and seal of this Court on this  26TH  day of  APRIL , 2022 .

                             Clerk of the Circuit Court
                             MATT REYNOLDS

                             By_Lee Veronica Reyes_____
                               As Deputy Clerk

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demandante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**Albert H. Lechner, Esquire**
**2601 N. Ponce de Leon Blvd.**
**St. Augustine, Florida  32084**
**(904) 417-4170**

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
PUTNAM COUNTY, FLORIDA

CASE NO: 2022 CA 127
DIVISION:

STEPHEN CHAPMAN II,

     Plaintiff,

v.

SWIFT TRANSPORTATION
CO OF ARIZONA, LLC, and
RICKY MCCALL, JR.,

     Defendants,

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

     **Ricky McCall Jr.**
     **4836 Manningham Road**
     **Greenville, Alabama 36037**

Defendant is hereby required to serve written defenses to said Complaint on **Albert H. Lechner, Esquire, Morgan & Morgan, P.A., 2601 N. Ponce de Leon Blvd., St. Augustine, FL 32084, Telephone (904) 417-4170, within twenty (20) days after service of this Summons upon you**, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration, 4010 Lewis Speedway, St. Augustine, Florida at 904/819-3600 no later than 5 business days prior to the proceeding. If hearing impaired, please contact (TDD) 1-800-955-8771 or Voice (V) 1-800-955-8770 via Florida Relay Service.

     WITNESS my hand and seal of this Court on this  26TH  day of    APRIL   , 2022 .

                                      Clerk of the Circuit Court
                                      MATT REYNOLDS

                                      By_Lee Veronica Reyes_____
                                         As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demandante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**Albert H. Lechner, Esquire**
**2601 N. Ponce de Leon Blvd.**
**St. Augustine, Florida  32084**
**(904) 417-4170**

IN THE CIRCUIT/COUNTY COURT OF FLORIDA, SEVENTH JUDICIAL CIRCUIT,
IN AND FOR PUTNAM COUNTY, FLORIDA

## CASE MANAGEMENT ORDER

**IMPORTANT- This Order contains important deadlines that must be complied with or sanctions may result.**

In accordance with Florida Supreme Court Administrative Order AOSC 20-23, Amendment 12 and Seventh Circuit Administrative Order CV-21-23-SC, the following Case Management Order is issued. This Order shall remain in effect until and unless a trial order or a subsequent case management order is issued.

## A.   CASE DESIGNATION

All civil cases are designated as follows, in accordance with Florida Supreme Court Administrative Order AOSC 20-23, Amendment 12. All civil cases in which a trial by jury is demanded shall be deemed "General" civil cases. Any case designated as "Complex" as set forth in Rule 1.201, Fla. R. Civ. P., shall be exempted from the requirements of this Order and shall follow the procedures outlined therein. All other civil cases shall be deemed "Streamlined" civil cases. Parties may move the court for redesignation.

## B.   PROJECTED TRIAL DATE

For all cases classified as General civil cases the projected trial date will be 18 months from case filing, or 12 months from the date of this Order, whichever date is later. For all cases classified as Streamlined civil cases, the projected trial date will be 12 months from case filing, or 6 months from the date of this Order, whichever date is later. The parties are expected to be ready to try this case by this deadline, unless good cause is demonstrated.

## C.   SERVICE OF PROCESS

Plaintiff(s) shall serve each defendant with process no later than 120 days from case filing or 60 days from the date this Order is issued, whichever date is later. All motions for extension of time to complete service of process shall be filed no later than 10 days prior to expiration of the initial 120-day period. In its discretion, the presiding judge may grant Plaintiff(s) an additional 90 days to serve any remaining defendant(s). After the expiration of the time for service, including any extensions, any unserved defendant(s) shall be dropped from the action, or the case shall be dismissed without prejudice, as appropriate.

## D.   ADDING NEW PARTIES

The deadline for adding new parties to an action is 90 days after the completion of service of process on the initial defendants or 60 days from the date this Order is issued, whichever date is later, absent a showing of good cause.

E.     **OBJECTIONS TO PLEADINGS**

　　　All objections to pleadings shall be filed no later than 20 days from the date the pleading(s) is served upon the objecting party.  Objections to pleadings shall be timely called up for hearing. Any objections not timely scheduled for hearing may be deemed waived or abandoned.

F.     **COMPLETION OF DISCOVERY**

　　　All discovery shall be completed according to the following schedule:

| Action or Event | General | Streamlined |
| --- | --- | --- |
| Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| Disclosure of fact witnesses | 60 days before docket sounding | 60 days before docket sounding |
| Service of written discovery requests | 45 days before docket sounding | 45 days before docket sounding |
| All other discovery to be completed | 10 days before docket sounding | 10 days before docket sounding |

G.     **PRETRIAL MOTIONS**

　　　All pretrial motions shall be filed no later than 30 days prior to the trial date, absent a showing of good cause.  Pretrial motions filed within 30 days of trial will not be considered if predicated on matters the movant knew or should have known with the exercise of reasonable diligence at least thirty (30) days prior to the trial date.  Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline.  The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

H.     **MEDIATION**

　　　All cases shall participate in mediation, unless excused by the Court, or excluded pursuant to Rule 1.710(b), Fla. R. Civ. P.  Mediation shall be completed prior to docket sounding.

I.     **SERVICE OF THIS ORDER**

　　　Plaintiff shall serve a copy of the case management order upon all other parties and file a notice of service with the Clerk no later than thirty (30) days from the receipt of this Order.

**J.**     **SANCTIONS**

Failure to comply with the terms of this Order may result in sanctions against the offending party.

Done and Ordered in Putnam County, Florida.

/s/ Kenneth J. Janesk, II

Kenneth J. Janesk, II
Circuit Judge

